IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FRANK M. NEFF | * | |
| Plaintiff | * | |
| v | * | Civil Action No. RDB-17-1272 |
| WARDEN R. FOXWELL, OFC. B. SMITH, and ASSIST. WARDEN W. WEST | * * | |
| Defendants | * | |

***

# MEMORANDUM OPINION

In response to this civil rights complaint, Defendants Warden R. Foxwell, Officer B. Smith, and Assistant Warden W. West move to dismiss or for summary judgment, alleging in part that the complaint is barred by the doctrine of *res judicata*. ECF 12. Plaintiff opposes the motion and moves to rescind all orders requiring payment of filing fees in this case as well as all previous cases filed. ECF 14 & 15. A hearing is not require to resolve the matters pending. *See* Local Rule 105.6 (D. Md. 2016). For the reasons set forth below, Plaintiff's motion regarding filing fees shall be denied and Defendants' motion, construed as a Motion to Dismiss, shall be granted.

## Non-dispositive Motion

In his "Motion Requesting Court to Dismiss Costs" (ECF 15), Plaintiff asserts that he should not be required to pay filing fees on any of the cases he filed in this Court because he has never won any of his cases. He further states that if this Court does not vacate the Orders requiring payment of fees he will write to the Senate and have the undersigned removed from the bench. *Id.*

The Prisoner Litigation Reform Act (PLRA) requires payment of fees on a monthly basis whenever a civil action or an appeal is filed in forma pauperis. *See* 28 U.S.C. §1915(b). Whether a prisoner-plaintiff is successful in the case he files has no effect on the requirement for filing fees. The motion is denied.

## Background

In his complaint as supplemented, Plaintiff Frank Neff alleges that on February 15, 2015, Officer BT Smith opened the slot in Neff's cell door, reached inside, put his hands on Neff's genitals, and squeezed, causing Neff pain. ECF 3 at p. 3. Neff claims he called the "MD Public Safety" to report the assault on April 3, 2017. *Id.* at p. 2. He further states that there were two witnesses to the assault: Lt. White and Major Blane. *Id.* He states that White "put officer BT Smith off the tier." *Id.*

In *Neff v. Warden K. Green*, Civil Action RDB-15-502 (D. Md.), Neff alleged that:

> [H]e was sexually assaulted by a correctional officer at ECI on January 14, 2015, at 11 p.m. ECF 1. Neff claims that Officer M. Smith asked to see his "private part to see how big it was." *Id.* at p. 3. The following day, Neff asserts Smith sexually assaulted him when Smith grabbed Neff's "private parts" through the slot in his cell door. *Id.* Neff asserts that sexual assault of an inmate is a crime and nothing was done about the assault committed against him. *Id.* As relief, Neff seeks monetary damages, good conduct credit, and ownership of the ECI complex. *Id.*

Civil Action RDB-15-502 at ECF 21, p. 1 (Memorandum Opinion granting summary judgment).

In response to the complaint, Defendants produced evidence by way of a Serious Incident Report, indicating that Neff withdrew his complaint regarding the incident and confirmed that he was satisfied with the manner in which his claim had been handled. *Id.* at ECF 17, Ex. 1, p. 11. Additionally, the Serious Incident Report investigation established that Officer Smith was not in the vicinity of Neff's cell at the time of the alleged incident. *Id.* This Court then observed that:

2

> Plaintiff's assertion that Defendant Warden Green did not process his claim properly (ECF 19) is belied by the record. A Serious Incident Report was generated and the claim was investigated upon receipt of Plaintiff's request slip. ECF 17 at Ex. 1. Far from an attempt to cover up the allegation, Warden Green documented it, assigned staff to investigate it, and questioned the alleged offender. *Id.* On the record before the Court there is no basis for a finding of supervisory liability. Supervisory liability under § 1983 must be supported with evidence that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F. 3d 791, 799 (4th Cir. 1994). Defendant's response indicates Plaintiff's claim was taken seriously and investigated. Moreover, there is no allegation that Plaintiff was harmed as a result of Defendant's conduct. To the contrary, Plaintiff withdrew his claim, stated he was satisfied with the investigation, and makes no claim that Smith continued in a course of similar conduct. Defendant is entitled to summary judgment on the constitutional claim raised.

Civil Action RDB-15-502 at ECF 21, p. 5 – 6.

Neff's Opposition Response simply states that Smith is a liar; that this Court has violated Neff's constitutional rights in the past; and his case should only be heard by the United States Supreme Court. ECF 14. While it is clear that Neff does not fully understand the legal arguments raised by Defendants, appointment of counsel to assist him in this matter is unwarranted because the claims raised do not merit encouragement to proceed further. *See* 28 U.S.C. § 1915(e)(1), *see also Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984) (Exceptional circumstances warranting appointment of counsel exist where a "pro se litigant has a colorable claim but lacks the capacity to present it.").

### Standard of Review

In reviewing the complaint in light of a Motion to Dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6), the court accepts all well-pleaded allegations of the complaint as true and construes the

facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005), citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

The Supreme Court of the United States explained a "plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id.* at 555. Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

4

"[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563 (citing *Sanjuan v. Am. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d, 247, 251 (7th Cir. 1994)) (once a claim for relief has been stated, a plaintiff 'receives the benefit of imagination, so long as the hypotheses are consistent with the complaint').

**Analysis**

Neff raises no specific allegations against Defendants Foxwell and West. To the extent they are named only because they are supervisory officials, the claim is based on a theory of *respondeat superior* which has not application in cases filed pursuant to 42 U.S.C. §1983. *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under § 1983). Liability of supervisory officials "is not based on ordinary principles of respondeat superior, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001), quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984). Supervisory liability under § 1983 must be supported with evidence that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). Neff fails to raise any allegations that might lead to even a suspicion that Foxwell and West caused his alleged injury.

The claim against Officer Smith is barred by the doctrine of *res judicata*. Under the doctrine of *res judicata*, a final judgment on the merits in an earlier decision precludes the parties from relitigating issues that were raised or could have been raised during that action. *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004). This doctrine applies when there is: (1) a final judgment on the merits in a prior lawsuit; (2) an identity of cause of action in both the earlier and later suits; and (3) an identity of parties or their privies in the two suits. *Id.* at 354-55. The current case concerns the same claim raised in Neff's 2015 complaint. To the extent that Neff now names the alleged officer[1] involved in the assault, the claim is precluded because Neff could have named Officer Smith as a Defendant in the 2015 case. Neff's inclusion of the current warden and assistant warden does not change the analysis; he may not avoid the application of *res judicata* simply by naming different parties for an identical claim. *See In re Microsoft Corp Antitrust Litigation*, 335 F.3d 322, 326 (4th Cir. 2004) (applying collateral estoppel if the issue "is identical to the one previously litigated; . . . was actually resolved in the prior proceeding; . . . was critical and necessary to the judgment in the prior proceeding" and the prior judgment is final and valid). Neff appealed the 2015 decision dismissing his complaint and it was affirmed on appeal. *See Neff v. Green*, Civil Action RDB-15-502 at ECF 27 & 28. Neff is precluded from filing the instant complaint.

## Conclusion

When a complaint is dismissed pursuant to Fed. Rule of Civ. Proc. 12(b)(6) for failure to state a claim upon which relief may be granted, it requires the issuance of a "strike." *See* 28 U.S.C. §1915(e)(2)(B)(ii) (requiring dismissal "notwithstanding any filing fee" when the "action . . fails to state a claim on which relief may be granted"). A strike will be issued in this case.

---

[1] Although Neff referred to the officer in his 2015 case as Officer M. Smith and as Officer B. Smith in this case, it appears he is referencing the same officer in both claims.

6

Neff is therefore reminded that under 28 U.S.C. §1915(g) he will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

A separate Order follows.

March 7, 2018
Date

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE